IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| C.B., by and through his mother, N.B.,, | ) ) ) | CIVIL NO. 10-00317 DAE-LEK |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| DEPARTMENT OF EDUCATION, STATE OF HAWAII, | ) ) ) | |
| Defendant. | ) | |

**ORDER DENYING PLAINTIFFS' MOTION FOR STAY OF PROCEEDINGS**

Before the Court is C.B., by and through his mother, N.B.'s ("Plaintiffs") Motion for Stay of Proceedings ("Motion"), filed on September 17, 2010. Plaintiffs filed this Motion to stay this action during the pendency of a related class action suit, <u>R.P-K., et. al. v. Department of Education</u>, CV 10-00436 DAE-LEK ("Class Action"). The Department of Education for the State of Hawaii ("Defendant") filed its Memorandum in Opposition to Plaintiffs' Motion for Stay of Proceedings ("Opposition") on October 8, 2010, followed by Plaintiffs' Reply Memorandum in Support of Motion ("Reply"), filed on October 15, 2010.

This matter came on for hearing on November 1, 2010. Appearing on behalf of Plaintiffs were Jason H. Kim, Esq., John P. Dellera, Esq., and Jennifer Visitacion Patricio, Esq. Appearing on behalf of Defendant was Joanna B.K.F. Yeh, Esq. After careful consideration of the Motion, supporting and

opposing memoranda, and the arguments of counsel, Plaintiffs' Motion is HEREBY DENIED WITHOUT PREJUDICE for the reasons set forth below.

## BACKGROUND

Plaintiffs filed their Complaint for Declaratory and Injunctive Relief ("Complaint") on June 2, 2010 against Defendant.  Plaintiff C.B. is a twenty-year-old student who has attended Kailua High School since 2004.  He has received educational services from Defendant through the Individuals with Disabilities Education Act ("IDEA").

On June 26, 2009, Defendant informed Plaintiffs that it would no longer provide educational services to Plaintiff C.B. Plaintiffs filed a due process complaint with Defendant on July 23, 2009.  The due process complaint asked Defendant to continue providing Plaintiff C.B. with educational services until age twenty-two as required under the IDEA.  Plaintiffs invoked the automatic stay-put provision of the IDEA, 20 U.S.C. § 1415(b)(6), which requires Defendant to continue to educate the plaintiff student pending resolution of any proceedings. Defendant, however, allegedly ignored this provision and Plaintiffs filed a motion to enforce it.  A hearings officer granted that motion on September 16, 2009 and ordered Defendant to continue to provide special education services to Plaintiff C.B. pending the administrative proceedings.  The hearings

officer later ruled against Plaintiffs in the administrative proceedings, upholding Defendant's decision to stop providing services to Plaintiff C.B.  Plaintiffs next filed their Complaint to appeal the decision of the hearings officer.

After the Complaint was filed, Act 163 of the Session Laws of Hawai`i for 2010 ("Act 163") was signed into effect.  Act 163 prohibits students twenty years of age or older from attending any public school.  In the Class Action, Plaintiffs and three other special needs students seek to challenge the enforcement of Act 163, and its validity under the IDEA as it applies to disabled students.

Plaintiffs argue that this Court maintains authority to impose a stay of action pending a class action: 1) when the class action involves similar issues; 2) to keep "orderly administration" of the class action, or; 3) to promote consistent adjudication.  [Mem. in Supp. of Motion at 6 (citing Levya v. North American Co., 299 U.S. 248, 255, 57 S. Ct. 163, 167 (1936); Young v. Kelly, 1993 WL 389250 at *1 (W.D.N.Y. 1993)).] Plaintiffs also argue that courts additionally have discretion to stay an action when the result of another suit could effect its overall outcome.  [Id. (citing Schwarz v. Prudential-Bache Securities, 1991 WL 137157 at *1 (E.D. Pa. 1991)).]

Plaintiffs contend that both actions contain identical issues, specifically, "whether providing special education and

3

related services to disabled students between the ages of 20 and 22 would be consistent with Hawai`i law and practice regarding public education for students without disabilities in that age range." [Mem. in Supp. of Motion at 7.]

Plaintiffs point out that, because this action is an appeal from an administrative decision, discovery is limited. It is not so limited in the Class Action. If the Court fails to grant this Motion, Plaintiffs contend, the issue regarding Act 163 may be adjudicated in the instant action prior to being addressed in the Class Action. Given that the Class Action maintains broader discovery, evidence may cause the court to rule differently in the Class Action than in the instant action, thereby causing inconsistencies. [Id. (citing Young, 1993 WL 389250, at *1).]

Plaintiffs claim that granting the Motion would promote judicial economy because the issue regarding Act 163 would be considered only once, in the Class Action, rather than in both cases. [Id. at 8 (citing Swergold v. Lifetime Corp., WL 512905 at *4 (S.D.N.Y. 1993)).] Further, a decision in Plaintiffs' favor in the Class Action would relieve the court of its obligation to decide whether the hearing officer's decision was proper. In fact, Plaintiffs argue that many of their own fact-specific objections to the hearing officer's decision may be rendered moot by a favorable decision in the Class Action. [Id.]

4

Finally, Plaintiffs ask this Court to grant the Motion because they claim it will not prejudice Defendant in any way. [Id.]  Plaintiffs point out that, regardless of the outcome of the Class Action, Plaintiff C.B.'s entitlement to continued education during the pendency of these proceedings will eventually terminate at age twenty-two under the IDEA. Additionally, there are no facts indicating that the Class Action will not be resolved within a reasonable amount of time. Plaintiffs therefore contend that Defendant will not suffer any prejudice if the Court grants this Motion.  [Id. at 9.]

Defendant, in its Opposition, first argues that the issues raised in this action are unlike those raised in the Class Action.  Defendant points out that the Class Action plaintiffs set forth general issues regarding Act 163, while the instant action is an administrative appeal particular to Plaintiff C.B. Further, Defendant contends that the Class Action plaintiffs acknowledge that Plaintiff C.B. was denied a free and appropriate public education ("FAPE") for a reason other than the requirements of Act 163.  [Opposition at 7 (citing R.P.-K, et. al. v. Department of Education, State of Hawai`i, Complaint at ¶ 24).[1]]  Defendant asserts that the issue in the instant appeal is whether the hearing officer's decision to discontinue Plaintiff

---

[1] The Class Action complaint is attached to the Motion as Exhibit A.

C.B.'s educational services was warranted and not whether Act 163 is compliant with the IDEA.  [Id. at 8.]  Defendant further argues that Act 163 did not exist at the time that Plaintiff C.B. was denied continuing special education services.  Defendant therefore contends that Act 163 could not possibly be at issue in the instant action.  Instead, Defendant argues that the Court should deny the Motion because the two cases address separate and distinct issues.  [Id. at 8-9.]

Next, Defendant argues that granting this Motion will not promote judicial economy or efficiency.  As previously discussed, Defendant's position reflects that both actions are separate and distinct.  Defendant argues that, because these are separate causes of action dealing with separate issues, resolution of the Class Action will not resolve anything at issue in the instant action.  [Id. at 10.]  Defendant notes that, even if the Court finds that the issues in both actions are similar, judicial economy will not be served by granting this Motion because the Class Action will not be resolved in the near future. [Id. at 11.]  In fact, Defendant points out that the class certification hearing is scheduled for January 31, 2011, indicating that the Class Action, which Defendant contends will likely go to trial, will neither be adjudicated nor resolved soon.  [Id.]

Defendant finally argues that it would be greatly

prejudiced if the Court were to grant this Motion.  If the Court grants this Motion, Defendant would need to comply with the "stay put" provision and continue providing services to Plaintiff C.B. pending resolution of the Class Action.  Defendant states that this would cost "at least $4800.00 per month."  [Id. at 12 (citing Decl. of B. Reidy at ¶ 4).]

Plaintiffs, in their Reply, again argue that both actions deal with identical issues because they are related to Act 163.  Plaintiffs point out that Defendant discussed Act 163 at the administrative hearing before the hearings officer, and Plaintiffs therefore argue that this clearly suggests Act 163 is at issue in both actions.  [Reply at 1.]

Plaintiffs also argue that there is an identity of issues because the instant action and B.T. v. Department of Education, 637 F. Supp. 2d 856 (D. Hawai`i 2009) (holding that disabled students must be given the same opportunity as non-disabled students to continue their education in public schools after age 20 with permission from the principal), address similar issues.  [Reply at 1.]  Further, because Act 163 was created to address the court's decision in B.T., Plaintiffs contend that Act 163 should also be at issue in the instant action.  [Id. at 1-2.]

Plaintiffs next reinforce their argument that judicial economy will be best served if the Court grants this Motion. Plaintiffs assert that a stay is appropriate here if the Class

Action will conclude "'within a reasonable time in relation to the urgency of the claims presented to the court.'"  [Id. at 2 (citing Leyna v. Certified Grocers of California, 593 F.2d 857, 864 (9th Cir. 1979)).]  Because there is no indication that the Class Action will be delayed, Plaintiffs argue that granting this Motion would indeed promote efficiency.

Plaintiffs also address Defendant's argument that a resolution of the Class Action in favor of Plaintiffs would still leave the court to decide whether Plaintiff C.B. needs continued educational services.  Plaintiffs argue that, because Defendant did not comply with the requirements of the IDEA prior to terminating Plaintiff C.B.'s educational services, the court will not need to address that issue.  Plaintiffs instead contend that Defendant is required to conduct an investigation, as well as allow Plaintiffs to secure an independent investigator, to evaluate Plaintiff C.B. before it can determine whether he has a need for educational services.  [Id. at 3.]

Finally, Plaintiffs again argue that Defendant will not suffer prejudice if the Court grants this Motion.  Plaintiffs point out that the cost of paying for Plaintiff C.B.'s education is required by the IDEA under the "stay put" provision for as long as this action exists, including any and all appeals.  [Id. at 3-4.]  The argument that Defendant will be prejudiced due to the cost of Plaintiffs' continued services is therefore moot

given that this cost will likely exist despite the outcome of the instant Motion.  [Id. at 4.]

At the hearing on this Motion, Plaintiffs clarified their argument by explaining that the Motion is grounded in the assumption that Defendant will rely on Act 163 to support its position in the instant action.  If Defendant relies on Act 163 and uses it to substantiate any argument, a stay of this proceeding is warranted pending the adjudication of the Class Action where Act 163 is directly at issue.

Plaintiffs also expressed concerns regarding the district judge's ability to consider Act 163 sua sponte in this action.  While Plaintiffs acknowledge that administrative hearings are not binding on the courts' decisions in other cases, they are concerned that adjudication of this action prior to resolution of the Class Action may prejudice the plaintiffs in the Class Action.  Specifically, Plaintiffs assert that, if the district judge brought Act 163 into consideration in the disposition of this case, this decision could affect his opinion in the later Class Action.

At the hearing on the Motion, Defendant argued that Act 163 is not at issue in this case because it was initiated after these proceedings had begun and the hearings officer did not rely on it in formulating his administrative decision.

**DISCUSSION**

This Court has the power to stay proceedings before it in the interest of judicial economy. See Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); see also Leyva v. Certified Grocers of Cal., 593 F.2d 857, 863-64 (9th Cir. 1979). Granting a stay of action is discretionary, and a stay may be ordered when it is in the best interest of the parties involved. See Landis, 299 U.S. at 254. Specifically, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Id.

The inherent power to stay includes granting an order to stay "pending resolution of independent proceedings which bear upon the case." Levya, 593 F.2d at 863. Where a stay is sought pending the resolution of another action, the court need not find that the two cases possess identical issues; a finding that the issues are substantially similar is sufficient to support a stay. See Landis, 299 U.S. at 254. The Court should weigh the competing interests of the parties. See id. at 254-55 (citing Kansas City Southern R. Co. v. United States, 282 U.S. 760, 763, 51 S.Ct. 304, 305, 306, 75 L.Ed. 684 (1931)) (some citations omitted). The issues involved in the pending proceedings do not need to be "controlling of the action before the court" for a stay to be ordered. See Levya, 593 F.2d at 864.

Defendant's briefs and oral arguments indicate that it will not attempt to rely on Act 163 in this action.  Further, because the hearings officer did not consider Act 163 when issuing his decision, and it is not present in the record, Act 163 is not at issue in the instant case.  The Court therefore FINDS that the two actions do not maintain substantially similar issues and a stay is not warranted here.

The Court acknowledges Plaintiffs' concerns regarding the authority of the district judge to bring Act 163 into consideration sua sponte.  Plaintiffs therefore may renew this Motion if that occurs.

## CONCLUSION

On the basis of the foregoing, Plaintiff C.B., by and through his mother, N.B.'s Motion for Stay of Proceedings, filed September 17, 2010, is HEREBY DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 10, 2010.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**C.B., BY AND THROUGH HIS MOTHER, N.B. V. DEPARTMENT OF EDUCATION, STATE OF HAWAII; CIVIL NO. 10-00317 DAE-LEK; ORDER DENYING PLAINTIFFS' MOTION FOR STAY OF PROCEEDINGS**